UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| OLALOWO PHILIPS ADEGBERNO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | C.A. No. 1:26-CV-00110-MSM-AEM |
| MICHAEL NESSINGER, Warden of Wyatt Detention Facility; DAVID T. WESLING, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Petitioner, Olalowo Philips Adegbenro's, Amended Petition for a Writ of Habeas Corpus (ECF No. 11). Mr. Adegnbenro is in immigration custody at Wyatt Detention Facility after an immigration judge ("IJ") denied bond on March 2, 2026, having found him to be a danger to the community. The Department of Homeland Security relied on a Form I-213 recounting a recent DUI/refusal arrest, without submitting the underlying police report, together with Rhode Island state-court summaries reflecting pending charges and prior traffic matters. *Id.* ¶¶ 23-26;

1

ECF Nos. 11-3; 11-4.  The Petitioner claims that the IJ violated his rights under the Due Process Clause of the Fifth Amendment by denying bond on that record.  *Id.* ¶ 40.

To lawfully detain Mr. Adegbenro based on a finding of dangerousness, the government had the burden of proving "by clear and convincing evidence that [he] poses a danger to the community." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  But an uncorroborated police report cannot, alone, be "clear and convincing evidence sufficient for a finding of dangerousness." *Alvarez Puerta v. Nessinger*, No. 1:25-cv-108-JJM-AEM (D.R.I. June 17, 2025); *cf. Rosa v. Garland*, 114 F.4th 1, 17 (1st Cir. 2024) (finding, in the context of hearings concerning adjustment of status, that "the agency may not give 'substantial weight' to a police report in the absence of 'a conviction or corroborating evidence of the allegations contained' in the report") (quoting *In Re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995)).  Here, DHS did not even submit the underlying police report.  Instead, the submissions included a third-party account of the arrest and court case summaries showing pending charges, dismissed or terminated traffic matters, a seat-belt charge, and a refusal charge under appeal.  (ECF No. 11 ¶¶ 24-26, 38.)  The evidence of the cases summaries could not, as a matter of law, constitute clear and convincing evidence of dangerousness.

The Court further finds that administrative exhaustion is not required here. The Petitioner raises a constitutional due process challenge to the legal sufficiency of the evidence supporting his continued detention, not merely a disagreement with the

2

IJ's discretionary weighting of the record. Further, continued detention while awaiting administrative review would cause irreparable harm. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *6 (D.R.I. Mar. 13, 2026); *Picado v. Hyde*, No. 26-cv-065-JJM-PAS, 2026 WL 352691, at *7 (D.R.I. Feb. 9, 2026).

The Court therefore GRANTS the Petitioner's Amended Petition (ECF No. 11) and ORDERS Respondents to immediately, without delay, release the Petitioner from immigration custody, with all of his belongings, on the previously imposed conditions. The Respondents may transfer the Petitioner if necessary to effectuate his release consistent with this Order.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 1, 2026